IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| CLEVELAND BAKERS AND TEAMSTERS HEALTH AND WELFARE FUND, et al., | ) ) ) | CASE NO.  1:15 CV 2349 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| PINCUS BAKERY, INC., | ) ) | |
| | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) ) | |


This case is before the Court on Plaintiffs Cleveland Bakers and Teamsters Health and

Welfare Fund, Cleveland Bakers and Teamsters Pension Fund, and Cleveland Bakers' Local 19

Charitable, Educational and Recreational Fund's (collectively "Plaintiffs" or "Funds") Motion

for Summary Judgment. (ECF #22).  Pursuant to Rule 56 of the Federal Rules of Civil Plaintiffs

have petitioned the Court for summary judgment on their claim that Defendant, Pincus Bakery,

Inc. has violated Section 515 of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1145.  More specifically, Plaintiffs seek to recover delinquent fringe

benefit contributions, interest, liquidated damages, attorneys' fees and costs, as well as to obtain

equitable relief pursuant to Section 502(g) of ERISA.  29 U.S.C. § 1132(g).  Plaintiffs' motion is

GRANTED as unopposed.

Plaintiffs have established all of the facts necessary to establish a prima facie case for the requested relief through the affidavit of Valerie Nichols, the Pension Fund's Administrative Manager, and the terms of the Pension Trust Agreement, the Health & Welfare Trust Agreement , the CER Trust Agreement, and a cognovit note signed by Pincus.[1]  They have established that Pincus has been bound to the terms of a collective bargaining agreement with Local 19, which, in turn, binds Pincus to the Trust Agreements and obligates Pincus to make fringe benefit contributions to Plaintiffs.  Further, under the terms of the Collection Policy approved and effectuated by Plaintiffs' respective Board of Trustees and the Trust Agreements, an employer who is delinquent in paying the required fringe benefits is also liable for liquidated damages, interest on the delinquent contributions, reasonable attorneys' fees and cost incurred in collecting the delinquent contributions.          Plaintiffs have also submitted evidence showing that Pincus failed to make required fringe benefit contributions on behalf of its participating employees for work hours performed in the months of July 2015, August 2015, September 2015, and October 2015. On December 4, 2015, Pincus signed a cognovit note in the Fund's favor that would have resolved the issue completely if it had been honored.  Instead, Plaintiffs were forced to sue on the note in state court.  They won that case and the Judgment was satisfied on or about May 17, 2016. This resolved the fringe benefit contribution issue for the July - October 2015 payments. However, during the pendency of those proceedings, Pincus failed to make any payments for fringe benefit contributions owed for December 2015-April 2016.  Further, upon review of prior

---

[1]

The facts have been taken from the unopposed statement of the case, and a review of the citation sources, which are incorporated into the Court's findings as if written herein.

payments, Plaintiffs discovered additional delinquent fringe benefit contributions in the months of December 2013-February 2014, April 2014-July 2014, and September 2014-April 2015. The collection of these amounts is within the eight year statute of limitations in Ohio cases brought to collect under section 515 of ERISA. Based on information provided by Pincus during discovery, Plaintiffs calculate the total amount of delinquent fringe benefits to be $51,642.57. In addition, they seek liquidated damages in the amount of $10,036.25, $4,026.13 in pre-judgment interest, and attorneys' fees and collection costs.

Pincus admitted in earlier filings that it owes the fringe benefit contributions for work hours performed after November 21, 2015. (ECF #19, ¶¶ 23-26). It previously disputed the other amounts, but has offered no opposition to Plaintiffs' motion for summary judgment, including judgment on the prior delinquent payments, liquidated damages, interest, attorneys' fees and costs. A non-moving party's denial, without evidence to support its position, is not sufficient to defeat summary judgment. *Anderson v. Tennessee Valley Auth.*, 991 F.2d 794, *5 (6th Cir. 1993); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In this case, not only has Pincus failed to provide evidence to support its original denial, it waived any prior denial by failing to respond in any manner to the Plaintiffs' Motion for Summary Judgment.

It is well-established that the Court may rely on the facts presented by the movant in evaluating an unopposed motion for summary judgment. *Wyland*, 2009 WL 974968 at *2; *see e.g.*, *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir.2000) (citing *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404–05 (6th Cir.1992)). In such cases, the Court's review of the Motion for Summary Judgment may be based entirely on the facts as advanced by Plaintiffs in their motion. *See Guarino*, 980 F.2d at 405 ("A district court properly relies upon the

facts provided by a moving party when a motion for summary judgment goes unopposed."); *Wyland*, 2009 WL 974968 at *2.

Plaintiffs have submitted evidence sufficient to satisfy their burden of proof on the issues in this case. Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.* Pincus has not satisfied this requirement., therefore, summary judgment is appropriate in this case.

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment (ECF # 22) is GRANTED. Judgment is entered in favor of the Plaintiffs in the amount of $65,704.95, (Delinquent Fringe Benefits: $51,642.57; Liquidated Damages: $10,036.25; Interest: $4,026.13), plus attorneys fees and costs. IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: September 20, 2016